[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

**FILED**

**U.S. COURT OF APPEALS**
**ELEVENTH CIRCUIT**
**March 14, 2006**
**THOMAS  K. KAHN**
**CLERK**

_____

No. 05-12798
Non-Argument Calendar

_____

D. C. Docket No. 01-00147-CR-T-24-MAP

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

THOMAS JEROME COOK,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(March 14, 2006)**

Before ANDERSON, BIRCH and WILSON, Circuit Judges.

PER CURIAM:

Thomas Jerome Cook, a federal prisoner serving a term of 360 months'

imprisonment for distributing a mixture containing a detectable amount of cocaine and possessing a firearm and ammunition while convicted of a felony crime, appeals pro se the district court's order denying his motion for a new trial based on newly discovered evidence, filed pursuant to Federal Rule of Criminal Procedure 33. On appeal, Cook argues that the government violated *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963), and *Giglio v. United States*, 405 U.S. 150, 92 S. Ct. 763, 31 L. Ed. 2d 104 (1972), through its failure to disclose a trial witness's criminal history from 1999 to 2001, the fact that the witness was on probation at the time he testified at Cook's trial, and the fact that probation revocation proceedings had commenced against the witness. Cook further argues that the district court erred in applying the standard for evaluating a motion for a new trial based on newly discovered evidence instead of the standard for evaluating such a motion based on *Brady* evidence.

Federal Rule of Criminal Procedure 33(a) provides that "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." "We review the district court's denial of a motion for new trial based on newly discovered evidence for abuse of discretion. Similarly, a district court's denial of a motion for new trial based on a *Brady* violation is reviewed for abuse of discretion." *United States v. Vallejo*, 297 F.3d

1154, 1163 (11th Cir. 2002) (citation omitted).

To obtain a new trial based on a *Brady* claim of newly discovered evidence, the defendant must show that: "(1) the government possessed favorable evidence to the defendant; (2) the defendant does not possess the evidence and could not obtain the evidence with any reasonable diligence; (3) the prosecution suppressed the favorable evidence; and (4) had the evidence been disclosed to the defendant, there is a reasonable probability that the outcome would have been different." *Vallejo*, 297 F.3d at 1164. "Evidence favorable to the accused includes impeachment evidence." *United States v. Newton*, 44 F.3d 913, 918 (11th Cir. 1994). A "reasonable probability" is "a probability sufficient to undermine confidence in the outcome." *United States v. Bagley*, 473 U.S. 667, 682, 105 S. Ct. 3375, 3383, 87 L. Ed. 2d 481 (1985) (quotation omitted).

Here, the district court erred because it evaluated Cook's motion for a new trial using the standard for a Rule 33 motion based on newly discovered evidence instead of a Rule 33 motion based on *Brady* evidence. *See United States v. Thompson*, 422 F.3d 1285, 1294 (11th Cir. 2005) (outlining framework for evaluating a Rule 33 motion for new trial); *but see Vallejo*, 297 F.3d at 1164 (setting forth standard for prevailing upon a Rule 33 motion based on a *Brady* violation). However, we will not remand unless doing so "would serve [a] valid

3

purpose." *See United States v. Bascaro*, 742 F.2d 1335, 1344 (11th Cir. 1984). We therefore consider whether Cook can establish a *Brady* claim.

Applying the standard for a new trial based on a *Brady* violation and assuming the government possessed and suppressed information about the trial witness's complete criminal history, Cook has not shown that he could not have possessed this evidence with reasonable diligence. *See Vallejo*, 297 F.3d at 1164. Rather, as demonstrated by the attachments to the motion for a new trial, information about the witness's criminal history and probationary status was publicly available. In addition, Cook has not demonstrated that a reasonable probability existed that the outcome of his trial would have been different had he received a more complete evidence about the witness's criminal history. *See id*. Evidence at trial showed that Cook sold cocaine to a confidential informant and was arrested when he tried to complete a second drug transaction with the informant. Because Cook is unable to establish a *Brady* claim, remand would serve no valid purpose. *See Bascaro*, 742 F.2d at 1344.

Based on a review of the parties' briefs and the record on appeal, we discern no reversible error. Accordingly, we affirm.

**AFFIRMED.**